# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALTURO JUAN PASCO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV406-114 |
| DR. STOCKFISH, JANE DOE, and JOHN DOE, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On May 5, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 ("PLRA"). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that he was denied proper medical treatment and subsequently suffered severe anxiety attacks. Plaintiff states that prior to his confinement at Coastal State Prison he was prescribed the drug Remeron, a "psychotropic medication," in order to combat anxiety attacks. Doc. 1 at 3. Plaintiff informed the medical staff of his need for this medicine when he arrived at the prison, which was apparently on April 19, 2005. Plaintiff claims that he failed to receive any Remeron after Jane Doe, a member of the prison medical staff, initially evaluated him. Plaintiff

further claims that when he was examined by Dr. Stockfish on April 27, 2005, he told the doctor of recent anxiety attacks which plaintiff attributed to his lack of Remeron. Plaintiff states that he did not receive any Remeron until May 2, 2005. Before he received his prescription, plaintiff suffered from "several" anxiety attacks that resulted in "severe shortness of breath, heart palpitations, extreme fear of dying, and severe sweating," as well as "sudden, overwhelming terror." Id. at 5.

The Eighth Amendment requires prison authorities to provide medical care for those they incarcerate, and the Supreme Court has held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 103, 105 (1976). For denial of medical care to constitute an Eighth Amendment violation, a prisoner must show "an objectively serious [medical] need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). However, "a complaint that a physician has been *negligent* in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

under the Eighth Amendment." Estelle, 429 U.S. at 106 (emphasis added) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) ("'[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); Edwards v. Battalino, 232 F.3d 894, *1 (9th Cir. 2000) (evidence showing defendants were negligent in failing to administer psychotropic drugs insufficient to state § 1983 cause of action). A plaintiff, therefore, must allege and prove a "subjective awareness of the relevant risk" by medical personnel. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Bozeman v. Orum, 199 F. Supp. 2d 1216, 1231-32 (M.D. Ala. 2002) (failure to medicate was not deliberate indifference when nurse did not know of mental illness other than "flag of past evaluations for mental illness and 'rest' medication").

Plaintiff's allegations fail to state a cognizable § 1983 claim against any of the named defendants. Plaintiff does not allege that any defendant intentionally or wantonly denied him medication with specific knowledge

4

that plaintiff would suffer psychic harm if he did not immediately receive the medication he was requesting. At most, plaintiff alleges negligence on the part of prison medical staff for the delay of thirteen days between his arrival at Coastal State Prison and his receipt of the Remeron he requested.[1] Such a delay, absent allegations that these defendants purposefully denied him medical care with the intent to cause plaintiff harm or in callous disregard for his mental well-being, does not meet the standards for deliberate indifference under the Eighth Amendment. Plaintiff "has no constitutional right to specific medical treatment on demand simply because he thinks he needs a certain procedure . . . ." Mitchell v. Mosley, 2006 WL 1476107, *6 (M.D. Ala. May 2, 2006). Plaintiff's allegations clearly show that medical personnel administered the medicine he wanted in a timely fashion once they became aware that plaintiff required this drug in order to avoid anxiety attacks.

---

[1] The Court notes that the prison medical staff may not have been aware of plaintiff's need for Remeron until his evaluation by Dr. Stockfish on April 27, 2005 (a Wednesday). Plaintiff received this medication on May 2, 2005 (a Monday), just three business days after his consultation. While plaintiff states that he informed the nurse performing his initial evaluation that he suffered from anxiety attacks and that he had been prescribed Remeron, plaintiff does not allege that prison medical staff knew of his *need* for such medication or that failure to administer this particular medication would necessarily induce anxiety attacks. Thus, plaintiff's complaint fails to meet the "subjective awareness" requirement of Farmer.

Plaintiff's claim against the John Doe defendant is that he failed to carry out his duty to ensure that mental health patients receive adequate and effective medical treatment. Plaintiff does not allege that John Doe had any personal contact with plaintiff while he was under examination by medical staff or that John Doe had any direct influence on plaintiff's medical diagnosis and treatment. Plaintiff's claim against John Doe appears to be one for vicarious liability for the actions of subordinate medical staff at the prison. Such a respondeat superior claim is not cognizable under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978); Adams, 61 F.3d at 1544. Even if plaintiff could pursue a respondeat superior claim against John Doe, his claim would fail for the same reasons his claim fails against Dr. Stockfish and Jane Doe under the "deliberate indifference" analysis.

The Court finds the facts as stated by plaintiff and read in a light most favorable to him fail to state a cognizable claim against the defendants. Therefore, plaintiff's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 26th day of June, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA